# IN THE SUPREME COURT OF THE STATE OF DELAWARE

JEROME B. REED, §
§ No. 384, 2017
    Defendant Below, §
    Appellant, § Court Below—Superior Court of the
§ State of Delaware
    v. §
§ Cr. ID No. 0101023931 (S)
STATE OF DELAWARE, §
§
    Plaintiff Below, §
    Appellee. §

Submitted: November 20, 2017
Decided: February 9, 2018

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

# O R D E R

This 9th day of February 2018, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    Following his jury trial and convictions in 2001 for robbery first degree and other offenses, the appellant, Jerome B. Reed, was declared a habitual offender and was sentenced to a total of fifty-one years of Level V incarceration. Reed's convictions were affirmed on direct appeal.[1] Since then, Reed has filed seven unsuccessful motions for postconviction relief under Superior Court Criminal Rule

---

[1] *Reed v. State*, 2002 WL 1358062 (Del. June 21, 2002).

61 and has appealed the denial of the first, second, fifth, sixth, and seventh motions, all without success.[2]

(2) In addition to his postconviction motions under Rule 61, Reed has filed two unsuccessful motions for correction of illegal sentence under Superior Court Criminal Rule 35(a). Reed's first motion raised a claim that his habitual offender sentence was illegal because it exceeded forty-five years. The Superior Court denied the claim as without merit, and on appeal we affirmed.[3] Three years later, Reed repeated the claim in his second Rule 35(a) motion and further claimed that his trial counsel's failure to notify him about the habitual offender motion and to ensure that he received a separate hearing on the motion led to Reed being wrongfully declared and sentenced as a habitual offender. By order dated August 9, 2017, the Superior Court denied Reed's second motion for correction of sentence on the basis that his claims should have been raised in a motion for postconviction relief under Rule 61. This appeal followed.

(3) Having carefully considered the parties' submissions on appeal, we affirm the denial of Reed's second motion for correction of sentence, albeit on

---

[2] *Reed v. State*, 2004 WL 439802 (Del. March 2, 2004); *Reed v. State*, 2006 WL 2388943 (Del. Aug. 17, 2006); *Reed v. State*, 2008 WL 4057916 (Del. Sept. 2, 2008); *Reed v State*, 2012 WL 162030 (Del. Jan. 18, 2012); *Reed v. State*, 2013 WL 2190146 (Del. May 20, 2013).
[3] *Reed v. State*, 2015 WL 667525 (Del. Feb. 12, 2015).

2

grounds different from those relied upon by the Superior Court.[4] Although the Superior Court is correct that a defendant cannot litigate previously decided issues or procedurally barred claims simply by changing the number of the rule under which he seeks relief, we find that much of Reed's second motion for correction of sentence was reviewable under Rule 35(a).[5] Reed's claim about the length of his sentence was raised in his first motion under Rule 35(a), denied by the Superior Court, and rejected on appeal.[6] The same claim in his second motion under Rule 35(a) is without merit under the law of the case.[7] And because Reed's claims challenging the notice, hearing, and decision on the habitual offender motion are properly viewed as an attack on the manner in which the sentence was imposed,[8]

---

[4] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated in the trial court).

[5] *Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998).

[6] *See supra* note 3 (affirming denial of first motion for correction of sentence).

[7] *Brittingham v. State*, 705 A.2d at 579.

[8] *See, e.g.*, *Coleman v. State*, 2017 WL 2061469, at *2 (Del. May 12, 2017) (holding that motion for correction of illegal sentence based on claims that State failed to file habitual offender motion and Superior Court failed to hold proper habitual offender hearing was an attack on the manner in which the sentence was imposed); *Allison v. State*, 2016 WL 6311118, at *1 (Del. Oct. 27, 2016) (recognizing that motion for correction of sentence based on claim that Superior Court failed to hold proper habitual offender hearing was motion to correct the manner in which the sentence was imposed); *McLeaf v. State*, 2007 WL 2359554, at *1 (Del. Aug. 20, 2007) (holding that motion for correction of illegal sentence based on contention that habitual offender hearing occurred outside of defendant's presence was actually a motion for correction of sentence imposed in an illegal manner).

those claims are untimely under Rule 35(a) because they were not raised within ninety days of sentencing.[9]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED.  The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

---

[9] *See* Del. Super. Crim. R. 35(a), (b) (providing in pertinent part that a motion for correction of sentence imposed in an illegal manner must be filed within ninety days of sentencing).